UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CORPORATIVO OHTLI, S.A. de C.V., a Mexican Company,<br><br>Plaintiff,<br><br>vs.<br><br>NALEX CORDOVA, an individual, WENCO MINING USA, LLC, a Texas limited liability company, LINK 3PL, LLC, a Utah limited liability company, and DOES 1 – 10.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:18-cv-0049 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Plaintiff Corporativo Ohtli, S.A. de C.V. entered into an agreement with Defendant Nalex Cordova to form Wenco Mining USA, LLC ("Wenco"). Plaintiff and Cordova are the sole members of Wenco. Plaintiff asserts it purchased $153,688.24 worth of inventory for use by Wenco ("Inventory"), which is being held at Link 3PL's warehouse in Salt Lake City. According to Plaintiff, that Inventory was to remain Plaintiff's property until Wenco satisfied its debt to Plaintiff. Nevertheless, when Plaintiff and Cordova agreed to dissolve Wenco, Cordova allegedly has refused to return the Inventory to Plaintiff. Plaintiff filed suit in the Third Judicial District Court of Salt Lake County, State of Utah on or about December 19, 2017. Defendant Cordova timely removed the action to this court. Defendant Link 3PL has not been served. For

the reasons stated below, the court concludes it lacks jurisdiction and therefore remands this case to the Third Judicial District Court.

## FACTUAL BACKGROUND

1. Plaintiff is a Mexican company. Complaint, ¶ 1 (ECF No. 2).

2. Wenco is a Texas LLC, whose sole members are Plaintiff and Cordova. Complaint, ¶ 3 (ECF No. 2); Defendants' Answer, ¶ 3 (ECF No. 3).

3. The Complaint asserts Cordova is a resident of Ohio. The Notice of Removal repeats that Cordova is a resident of Ohio, but then also states the Defendants are citizens of Ohio, Texas, and Utah. Notice of Removal, ¶ 7 (ECF No. 2). For purposes of this memorandum decision, the latter assertion is sufficient to show Cordova is a citizen of Ohio.

4. The record does not show that LINK 3PL has been served. Accordingly, the only parties before the court are Plaintiff, Cordova, and Wenco.

## ANALYSIS

Although no party has challenged jurisdiction, "district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction." *City of Albuquerque v. Soto Enters. Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) (citations omitted); *see also* 28 U.S.C. § 1447(c) (stating "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). Here, Defendant Cordova asserts removal was "proper under 28 U.S.C. § 1441(b) because this Court has diversity jurisdiction when the Plaintiff is a foreign

company based in Mexico and Defendants are citizens of Ohio, Texas, and Utah, respectively." Notice of Removal, at 2 (ECF No. 2). While this may be true under certain conditions, the members of Wenco defeat diversity jurisdiction under 28 U.S.C. § 1332(a).

For diversity purposes, a limited liability company "depends on the citizenship of . . . each of its members." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (quotations and citation omitted). This means Wenco "is a citizen of each state or foreign country of which any of its [members] is a citizen." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004). Wenco has two members—Plaintiff and Cordova. The citizenship of Wenco therefore is Mexico and Ohio. Accordingly, Plaintiff does not have a diverse citizenship from all defendants.

Moreover, when a suit involves an alien on one side, and an alien and a citizen of a State on the other side, that grouping defeats jurisdiction. In *Grupo Dataflux*, the petitioner was a Mexican corporation and the respondent was "a limited partnership created under Texas law." *Id.* at 568. Two of the respondent's partners were Mexican citizens and its other partners were citizens of Delaware and Texas. *Id.* at 569. Because the petitioner was a "Mexican corporation, aliens were on both sides of the case, and the requisite diversity was therefore absent." *Id.* (citation omitted); *see also Ruhrgas Ag. v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citation omitted) (same); 15-102 Moore's Federal Practice – Civil § 102.77 (stating "diversity jurisdiction does not encompass suits . . . involving an alien on one side and an alien plus a U.S. citizen on the other").

Here, Plaintiff is a Mexican company and the defendants are citizens of Mexico and Ohio. The court therefore lacks subject-matter jurisdiction due to the absence of diversity under

28 U.S.C. § 1332(a).  Accordingly, the court directs the Clerk of Court to remand this case to the Third Judicial District Court in and for Salt Lake County, State of Utah.

SO ORDERED this 23rd day of March, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Judge